1

2

3

4

5

6

7

8                  **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12  GLENDA GARCIA, individually )   CV 14-8981 RSWL (MANx)
    and Guardian Ad Litem E.R., )
13  Guardian Ad Litem L.R.;      )
    Brenda Rivera, an            )   **ORDER TO SHOW CAUSE RE:**
14  individual, et. al.,         )   **SUBJECT MATTER**
                                 )   **JURISDICTION**
15              Plaintiffs,      )
                                 )
16       v.                      )
                                 )
17  EL PASO-LOS ANGELES          )
    LIMOUSINE EXPRESS, INC. *et* )
18  *al.*,                       )
                                 )
19                               )
                Defendants.      )
20                               )
                                 )
21                               )
                                 )
22  _____)

23       The Court is in receipt of Defendant Faye Stewart

24  Transportation Services, LLC's ("Defendant") Notice of

25  Removal, which alleges federal question jurisdiction as

26  the ground for removing this Action to federal court

27  [1].

28       The removal statute, 28 U.S.C. § 1441, allows a

                                  1

1  defendant to remove a case originally filed in state

2  court when the case presents a federal question.  See

3  28 U.S.C. §§ 1441(a).  See also 28 U.S.C. §§ 1331,

4  1446.

5      The Ninth Circuit "strictly construe[s] the removal

6  statute against removal jurisdiction," and "[f]ederal

7  jurisdiction must be rejected if there is any doubt as

8  to the right of removal in the first instance."  Gaus

9  v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)

10 (citing Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir.

11 1988), Takeda v. Northwestern Nat'l Life Ins. Co., 765

12 F.2d 815, 818 (9th Cir. 1985), and Libhart v. Santa

13 Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

14 "The 'strong presumption' against removal jurisdiction

15 means that the defendant always has the burden of

16 establishing that removal is proper."  Id. (citing

17 Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709,

18 712 n. 3 (9th Cir. 1990), and Emich v. Touche Ross &

19 Co., 846 F.2d 1190, 1195 (9th Cir. 1988)).

20     As the party invoking federal jurisdiction in this

21 case, Defendant has the burden of establishing the

22 existence of subject matter jurisdiction.  See Kokkonen

23 v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); In

24 re Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001);

25 Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

26 The Notice of Removal alleges that removal is proper

27 based on federal question jurisdiction–more

28 specifically, that the Interstate Commerce Commission

1   Termination Act ("ICCTA"), 49 U.S.C.A. § 14501(c)(1),
2   preempts state jurisdiction because claims for personal
3   injury "are a veiled attempt at regulating the
4   'services' offered by a freight broker."  Notice of
5   Removal 3:22-23.
6       "Where a plaintiff invokes traditional elements of
7   tort law and the issue of preemption arises, 'the
8   courts almost uniformly have resolved against federal
9   preemption.'"  Jimenez-Ruiz v. Spirit Airlines, Inc.,
10  794 F. Supp. 2d 344, 348 (D.P.R. 2011) (quoting Dudley
11  v. Bus. Exp., Inc., 882 F. Supp. 199, 206 (D.N.H.
12  1994)); see, e.g., Owens v. Anthony, No. 2-11-0033,
13  2011 WL 6056409, at *1 (M.D. Tenn. Dec. 6, 2011)
14  (finding that personal injury negligence claims are not
15  preempted by the FAAAA); Gill v. JetBlue Airways Corp.,
16  836 F. Supp. 2d 33, 42 (D. Mass. 2011) (state law
17  negligence claim was not preempted by ADA).  Here,
18  Plaintiffs allege claims for negligence, peculiar risk,
19  and non-delegable duty.  See Compl., Exh. 1 to Notice
20  of Removal.
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28   ///

1  Therefore, it is **ORDERED** that Defendant show cause

2  why this case is removable to federal district court

3  based on federal question jurisdiction.  Defendant has

4  until no later than **January 6, 2015**, to respond,

5  demonstrating why this case should not be remanded for

6  lack of subject matter jurisdiction.

7

8

9  **IT IS SO ORDERED.**

10  DATED: December 12, 2014          RONALD S.W. LEW

11                                    **HONORABLE RONALD S.W. LEW**

12                                    Senior U.S. District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28